IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
OCT 1 3 2016
DOUGLAS F. YOUNG, Clerk
By _____
Deputy Clerk

ACUMEN BRANDS, INC,

    Plaintiff,

v.

NHS, INC.,

    Defendant.

Case No. 16-5284 PKH

---

## COMPLAINT FOR DECLARATORY RELIEF

---

\*   \*   \*   **JURY TRIAL DEMANDED**   \*   \*   \*

This case is a preemptive effort to stop the baseless threats of federal trademark infringement advanced by a California-based skateboard parts manufacturing company, NHS, Inc., against an Arkansas-based western wear boot maker, Acumen Brands, Inc.

NHS, Inc. uses the brand INDEPENDENT TRUCK COMPANY when making and selling "skateboard trucks." Unbeknownst to many people, "skateboard trucks" are in fact the small metal axles for a skateboard.

In contrast, Acumen Brands, Inc. uses the word INDEPENDENT BOOT COMPANY as a brand when making and selling western leather boots largely marketed to women. Accordingly, Acumen Brands, Inc. ("Acumen"), and in response to express and unsustainable threats of federal trademark litigation by Defendant NHS, Inc. ("Defendant"), therefore moves for a declaration that it does not infringe any of Defendant's intellectual property rights.

## JURISDICTION AND VENUE

1.      This action for declaratory relief is brought under 28 U.S.C. § 2201 and § 2202 in that an actual, threatened, and palpable controversy exists between the parties. Acumen seeks declaratory relief of non-infringement and a judicial determination of no infringement or damages owed by Acumen to the Defendant.

2.      Federal Question Jurisdiction is proper in this Court pursuant to 15 U.S.C. §§ 1051 *et seq*. and 15 U.S.C. §§ 1125 *et seq.*

3.      Venue is proper under 28 U.S.C. § 1391(b) in that Defendant's products which are allegedly being infringed by Acumen are sold, offered for sale, and readily available in this district via retail stores and internet-based sales.

## PARTIES

4.      Plaintiff Acumen Brands, Inc. ("Acumen") is a Delaware corporation with its principal place of business in Fayetteville, Arkansas.

5.      Defendant NHS, Inc. ("Defendant") is a California corporation with its principal place of business in Santa Cruz, California.

## FACTS

6.      Acumen is a growing small business in Northwest Arkansas. Acumen employs its own team of creative professionals who utilize their own talents. One of Acumen's newly growing brands is a western themed boot brand known as INDEPENDENT BOOT COMPANY. This particular brand began and has been ongoing since at least as early as 2014.

- 2 -

PLAINTIFF'S GOODS AND AUDIENCE

7.      Acumen markets and sells a variety of western and vintage styled leather boots under the INDEPENDENT BOOT COMPANY brand. Acumen's INDEPENDENT BOOT COMPANY mark is a unique and growing one targeting a specific audience, namely, women's casual western and vintage western inspired boot wear, with limited offerings to men in the casual western or vintage western boot design.

8.      Marketing efforts and research activities by Acumen are targeting young to middle-aged women interested in activities such as horseback riding, crafts, and other related ventures. Acumen's verbiage is intended to inspire this audience to "Liberate your style." Acumen's marketing and branding offers a distinctive look comprising soft lighting, pleasant and relaxing descriptive language, and other key words targeting a romantic feel. Wording on Acumen's www.independentboots.com website describes a product that comes from "a long line of artisans and practice of the art of handcrafting boots."

9.      Acumen's advertising is intended to evoke a peaceful and reflective mindset. Within the context of this very defined niche market, Acumen puts forth high price points to a specific, comparably sophisticated audience. Below are images from www.independentboots.com.



- 3 -

10.     As shown on Acumen's website, the marketing imagery and boots are targeted largely towards women's fashion. The retail price point for boots exceed $200 per pair.



11.     In connection with its consistent and continuous advertising, Acumen has several marketing imagery compilations known in the industry as Lookbooks. In these, Acumen sets forth women models, and the lighting is warm and soft. The look is distinctively southern-styled. The models wear blue jeans, blue jean jackets, Santa Fe inspired fringe, soft sweaters, and textured, cozy scarves. Below is a screenshot of one of the Lookbook images.



12.     Of the few footwear items that Acumen offers to men, Acumen's product design and look is built upon the same soft, friendly lighting to evoke a vintage and western boot design. This is entirely consistent with the marketing of items created by "artisans" and "handcrafted boots." The retail price point for all men's boots exceed $200 per pair; it is not an entry-level, low-cost product but rather is a high-quality, artisan-inspired product.



13.     Acumen's typical or usual consumer is not likely to be confused by into thinking that Acumen makes skateboards or that Defendant makes or sells western boots.

14.     The relevant, typical, or usual consumer for these items is sophisticated enough to appreciate the vast differences in marketing style, price points, and products offered for sale.

DEFENDANT'S GOODS AND AUDIENCE

15.     Defendant NHS, Inc. claims ownership in various trademarks tied to a

skateboarding venture consisting of Internet-based or catalog-based sales of skateboards and

parts and accessories. Defendant's e-commerce website, www.nhsfunfactory.com is a one-stop

shopping experience having many different brands connected to these skateboard components.

NHS, Inc. has many brands tied to this niche industry.





16.     On this website, Defendant sells many skateboard items that are inextricably tied

to the sport of skateboarding, including "decks" as shown below. These decks have a price point

of approximately $65. The branding for the decks include CREATURE and FLIP, among others.



17.     Defendant also sells skateboarding wheels having a price point of approximately

$33. The branding on these wheels is variable and includes OJ WHEELS and FLIP.



18.     Defendant also sells other skateboarding items known as "bearings" having a

price point of approximately $20. The branding on these bearings is BRONSON SPEED CO, for

which Defendant owns a federal trademark.



19.     Defendant also sells other skateboarding items known as "grip tape" having a

price point of approximately $12. The branding on the grip tape is CRUX or MOB GRIP.



20.     Defendant also sells other skateboarding items known as "cruzers" which appear to be complete skateboards having a deck, a pair of trucks, bearings, and wheels. These cruzers have a price point varying between $69 - $135. The branding on these cruzers is a SANTA CRUZ brand.



21.     Defendant also sells other skateboarding items known as "skateboard trucks," shown below, having a price point of approximately $30. These are the small axle assemblies located underneath and attached to the deck of the skateboard. The wheels attach to these skateboard trucks. The branding on these skateboard trucks is variable, but it includes INDEPENDENT TRUCK COMPANY, BULLET, ROAD RIDER, and KRUX.



| | | | |
|---|---|---|---|
| SALE | SALE | | |
| ~~$50.50/SET~~ **$27.00/SET** | ~~$50.50/SET~~ **$27.00/SET** | **$49.90/SET** | **$27.90/SET** |
| KRUX | KRUX | ROAD RIDER | BULLET |
| 7.60 Forged Hollow TC Blac... | 7.60 Forged Hollow Magnu... | 180mm Longboard Silver | 150mm Black Standard |

22.     Defendant manufactures these skateboard trucks and promotes sales of its skateboard trucks under many different brands. One such brand is INDEPENDENT TRUCK COMPANY, or INDEPENDENT TRUCK CO., as abbreviated, for some of the skateboard trucks. A typical skateboard truck branded with the stylized maltese cross is shown below:



23.     Defendant's federal trademark registration for INDEPENDENT TRUCK COMPANY is U.S. Reg. No. 4,898,368 for the goods "Skateboard accessories, namely, skateboard accessories consisting of risers, bearings, axles and mounting hardware; skateboard grip tapes; and flying discs for toss games." Acumen has no immediate issue with this registration because it appears to fairly and accurately depict the use by Defendant of the brand INDEPENDENT TRUCK COMPANY.

24.     Defendant also owns the registration for INDEPENDENT TRUCK CO. having U.S. Reg. No. 1,524,699 for the goods "Skateboards, and skateboard truck assembly."  Acumen has no immediate issue with this registration because it fairly and accurately depicts the use by Defendant of the brand INDEPENDENT TRUCK COMPANY (abbreviated as "Co.").

25.     Defendant also owns the registration for INDEPENDENT having U.S. Reg. No. 4,267,251 for the goods "skateboards; skateboard accessories consisting of risers, bearings, axles and mounting hardware; skateboard grip tapes; skateboard decks and flying discs for toss games." Acumen takes issue with this registration because it does not fairly nor accurately depict the use by Defendant of the brand INDEPENDENT, as there is no evidence to suggest it was applied to "skateboards; skateboard accessories consisting of risers, bearings, ~~axles~~ and mounting hardware; skateboard grip tapes; skateboard decks and flying discs for toss games."

26.     Defendant also owns a federal registration for INDEPENDENT having U.S. Reg. No. 4,288,050 for INDEPENDENT for the goods "clothing, namely, tops, tank tops, t-shirts, long-sleeve shirts; pants, jeans, shorts; sweatshirts and jackets; swimwear; belts; headwear, caps and beanies; socks." Acumen takes issue with this registration because it does not fairly or accurately depict the use by Defendant of the brand INDEPENDENT.

27.     Defendant was not using the '050 mark in a trademark sense on all goods as early as the stated date of first use. Defendant also swore under oath that the '050 mark was in use on each and every one of the goods listed in the application at least as early as the application date, March 2, 2012. However, on information and belief, Defendant was not using the '050 mark as stand-alone indicia on each and every one of the listed goods on or before March 2, 2012.

28.     Defendant has not manufactured tank tops, t-shirts, long-sleeve shirts, pants, jeans, shorts, sweatshirts, swimwear, caps, or socks as a stand-alone product having the INDEPENDENT mark to designate an origin or source.

29.     Defendant has not made or sold jeans under the INDEPENDENT mark and branded such as an origin or source since at least as early as the date of first use, nor has it continuously done so. Defendant's false sworn statement as to its use of such mark on jeans is

particularly troublesome given that the Examining Attorney relied in part upon Defendant's declaration of use on jeans when it made such finding. Defendant's false declaration of use negatively and materially influenced the Examining Attorney's analysis.

30.     On information and belief, Defendant has not and does not regularly use its INDEPENDENT mark as a stand-alone branding indicia. Such mark is also not accurately reflective of or applied to the goods listed on Defendant's website and is used primarily as an abbreviation to INDEPENDENT TRUCK COMPANY or in a generic sense.

31.     The term "independent" has a widely-accepted and generic meaning that many advertisers use to describe a product, and this word matches well with the descriptive terminology used by Defendant in connection with its branding.



**in·de·pend·ent**

/ˌindəˈpendənt/ ◄))

*adjective*

1.  free from outside control; not depending on another's authority.
    "the study is totally **independent** of central government"
    *synonyms:* freethinking, **free**, **individualistic**;  **More**

2.  not depending on another for livelihood or subsistence.
    "I wanted to remain independent in old age"
    *synonyms:* **self-sufficient**, **self-supporting**, **self-reliant**, standing on one's own two feet
    "her grown-up, independent children"

*noun*

1.  an independent person or body.

32.     Defendant's use of the word INDEPENDENT is, alternatively, an ornamental or abbreviated reference when applied to clothing when such clothing items are actually intended to market and further perpetuate branding initiatives connected to the skateboard trucks or other skateboard items. As such, any use of INDEPENDENT in connection with clothing does not serve as an actual or stand-alone branding source for each of those items but rather is used to promote skateboard trucks and components. Use on clothing is done to further promote skateboard component brand loyalty to the INDEPENDENT TRUCK COMPANY brand. Below is a slogan listed on Defendant's website which sets forth the claim INDEPENDENT TRUCKS

is "Skateboarding's most iconic brand and leading manufacturer of skateboard trucks since 1978." http://www.nhsfunfactory.com/independent-trucks

**INDEPENDENT TRUCKS**

×

Skateboarding's most iconic brand and leading manufacturer of skateboard trucks since 1978

33.    Defendant's use of the word INDEPENDENT is not functioning as an actual trademark but is instead an abbreviation, if anything. All goods marketed by Defendant on its website and promotional marketing materials prominently feature the [*stylized* MALTESE CROSS], the mark INDEPENDENT TRUCK COMPANY or the mark INDEPENDENT TRUCK CO.  Rarely is there any commercial use of the stand-alone mark INDEPENDENT. The overwhelming majority of all consumer impressions are for INDEPENDENT TRUCK COMPANY.



34.    Defendant markets and sells its skateboard items to a vastly different consumer and customer audience than the intended or actual customers for Acumen. Defendant markets its branding to "hardcore skateboarding" that was built with an "anti-establishment attitude."

35.    Defendant markets its INDEPENDENT TRUCK products toward very specific niche consumers in the skateboarding arena, with a "by skaters, for skaters" branding message. Various examples of Defendant's typical graphic advertising and marketing efforts taken from Defendant's Instagram page are shown below.



36.     Acumen's marketing approach and products stand in sharp contrast to the "hardcore skateboarding," "anti-establishment attitude," and "by skaters, for skaters" theme of Defendant's.

37.     Acumen is not attempting to actively promote its western-wear, casual southern fashion products having an expensive price point to an anti-establishment skateboard punk-rock music listening market. Rather, Acumen is seeking to sell leather boots using a southern branding, country-music listening, relaxed small-town comfortable styling, and leisure Colorado-ranch-style feel, predominately to women.

38.     In an email dated July 15, 2014, Defendant's authorized representative Ron Whaley affirmatively represented that Defendant does not make any boots, leather or otherwise, or anything similar to those items. See email below:



39.     Defendants know there to be a clear separation in the marketplace but continue to levy and threaten trademark infringement claims against Acumen.

40.     Even though Defendant does not make "any boots, or leather boots or anything like that," and even though Acumen markets its items predominately to women and those customers looking for a relaxed, southern feel and who are interested in "horseback riding and crafts," Defendant through its attorney has now demanded money in licensing fees from Acumen under threat of trademark infringement.

41.     In an email directed to Acumen's counsel dated September 24, 2016, Defendant's counsel made clear Defendant's strong attitude and imminent threats of trademark infringement litigation. In relevant portion Defendant's counsel stated, "In response to your suggestion that your client simply walk away and the parties 'live and let live' I have indicated that NHS would not find that acceptable for reasons including the exposure to arguments of failure to police its marks and dilution… we cannot simply 'live and let live' in the face of infringement of the NHS marks, as doing so will expose NHS to such claims and defenses down the road…and for better or worse NHS and Richard Novak are not, at all, the type of business people who will walk away from a fight and 'live and let live' for reasons both legal and personal. Not at all…"

42.     Furthermore, Defendant's CEO, Mr. Robert Denike, asserted under oath in connection with a collateral trademark cancellation action premised on fraudulent trademark registration on the part of Defendant, that Denike believed there currently exists a likelihood of confusion between Acumen's own INDEPENDENT BOOT COMPANY and Defendant's family of INDEPENDENT TRUCK COMPANY trademarks.

43.     Based on the threatening statements and direct accusations of federal trademark infringement by Defendant's counsel and as reiterated by Defendant's CEO, Acumen reasonably anticipates that it will be sued for infringement and understands it has no option other than to seek declarative relief now.

44.     Acumen, seeking to grow its small business, cannot reasonably continue to do so without guidance and declaration by this Court in light of the recent direct threats of infringement by Defendant's counsel and its CEO.

45.     Acumen denies any and all infringement and seeks declaration that it is not infringe Defendant's marks.

## DECLARATORY JUDGMENT

46.     The preceding paragraphs are incorporated by reference.

47.     Defendant expressly and impliedly charged Acumen with infringement of its federally registered trademarks. Defendant expressly stated that its allegations of infringement against Acumen will not be resolved without confrontation.

48.     In order to establish trademark infringement under the Lanham Act, Defendant is required to prove that (1) Defendant owns a valid trademark and (2) that Acumen's commercial use of INDEPENDENT BOOT COMPANY mark is likely to cause confusion or mistake or to deceive Defendant's customers into believing that Acumen's western-wear clothing originated with or is sponsored by Defendant. Acumen seeks declaration that Defendant can meet this legal threshold.

49.     Acumen seeks a declaration that Defendant does not own a valid trademark in the INDEPENDENT word mark as such is not being used in the trademark sense but rather it is being used as an abbreviation or is not entitled to protection because it is generic.

50.     Acumen seeks a declaration that its use of the design mark and the word mark INDEPENDENT BOOT COMPANY trademarks do not infringe on any trademarks purportedly owned by Defendants because the two extremely different market segments are not likely to be confused with one another.

51.     Acumen seeks a declaration that it did not act willfully against the intellectual property interests, if any, of Defendant.

52.     Acumen seeks a declaration of noninfringement and of no liability for infringement.

WHEREFORE, Plaintiff Acumen Brands, Inc. prays for the following relief:

A.     That this Court declare Defendant's trademark registrations for the INDEPENDENT word mark (U.S. Reg. No. 4,267,251 and 4,288,050) are invalid and unenforceable as against Plaintiff;

B.     That this Court declare Acumen has not, knowingly or otherwise, infringed on Defendant's trademark rights with respect to any of Defendant's valid trademarks;

C.     Award Acumen's attorney's fees and costs;

D.     Award any and all other relief that this Court deems proper; and

E.     Acumen requests a trial by jury.

ACUMEN BRANDS, INC.

By: Mark Murphey Henry, ABN 97170
HENRY LAW FIRM
P.O. Box 4800
Fayetteville, Arkansas 72702
(479) 695-1330 *t*
(479) 695-1332 *f*
mark@henrylawfirm.net